## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Sarai Hannah Ajai, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> North Dakota Department of ) <br> Transportation and The United States ) <br> Postal Service, Office of Inspector ) <br> General, ) <br> ) <br> Defendants. ) | Case No. 3:24-cv-127 <br><br> **ORDER** |

Plaintiff Sarai Hannah Ajai, proceeding without counsel, filed a complaint against the North Dakota Department of Transportation (DOT) and the United States Postal Service (USPS) alleging violations of her constitutional rights and violations of state law. (Doc. 1, pp. 1, 8, 17, 21). The DOT has moved to dismiss the complaint, asserting the court lacks jurisdiction over Ajai's claims against the DOT. In response, Ajai has filed several motions resisting dismissal of her claims. The USPS has not yet appeared in the case. This order addresses each of the pending motions and, under Federal Rule of Civil Procedure 12(h)(3), also addresses whether the court has subject matter jurisdiction over any of Ajai's claims against either the DOT or the USPS.

## Background

Ajai's claims relate to events alleged to have occurred when she applied for and was issued a North Dakota Real ID driver license (Real ID), alleged alteration of information associated with the Real ID, the status—whether active, suspended, or invalidated—of the Real ID and notifications related to the status, alleged duplication and dissemination of the Real ID, the USPS's handling of her mail, the alleged alteration

of her birth certificate which had been mailed, and alleged identity theft. Id. at 23-33. Ajai requests injunctive relief and money damages.

In its motion to dismiss, the DOT asserts the court lacks personal jurisdiction because Ajai did not properly serve the DOT and, alternatively, the court lacks subject matter jurisdiction because the DOT is entitled to Eleventh Amendment immunity. (Doc. 8).

Ajai, in response to the motion to dismiss, moved for an extension of time to amend the complaint to add claims against a new defendant. (Doc. 12). In support of her request for an extension of time, Ajai submitted a "Shorten[ed] Preliminary Draft of [a] Proposed Plaintiff's First Amended Complaint." (See Doc. 12-2). In that document, Ajai asserts claims against Midcontinent Communications under the Federal Trade Communications Act, the Telemarketing Sales Rule, and state law regarding unfair or deceptive trade practices. Ajai bases those claims on the alleged conversion of her "Midco Home Internet Service into a public Wi-Fi portal" without her consent. Id. at 8. In that document, Ajai also asserts (1) the DOT's counsel's use of an electronic signature on the motion to dismiss undermines that motion and warrants sanctions under Federal Rule of Civil Procedure 11 and (2) the DOT waived any argument concerning personal jurisdiction because the North Dakota Attorney General's Office has not identified an address at which the DOT could be properly served. (Doc. 12-2, pp. 8-9).

Ajai also filed a motion to "quash service of the motion to dismiss." (Doc. 13). In that motion, Ajai asserts she did not receive the DOT's motion to dismiss at her residential address or through the USPS's general delivery mail service. Id. at 1, 3. She asserts she was not properly served with the motion to dismiss in accordance with North

2

Dakota Rule of Civil Procedure 4 and, like in her preliminary draft amended complaint, asserts the motion to dismiss is "procedurally deficient" because of the DOT's counsel's use of an electronic signature. Like in her preliminary draft amended complaint, she contends the DOT waived any argument regarding personal jurisdiction because of its lack of transparency regarding an address at which it could be properly served. Id. at 3-4.

The DOT provided a limited response to the motion to quash, submitting its certificate of service of the motion to dismiss. (Doc. 14). That certificate of service shows Ajai was served with the motion to dismiss through USPS general delivery mail service. (Doc. 14-1). The court notes Ajai's use of general delivery service as her mailing address in the court docket.

After the DOT provided its limited response to the motion to quash, Ajai filed a document captioned as a "Motion to Respond to the North Dakota Department of Transportation," in which she reiterates the arguments in her earlier motions and challenges the employment status of DOT's counsel. (Doc. 15). In the motion, Ajai requests that the court quash the DOT's motion to dismiss, direct the DOT to properly serve the motion to dismiss on Ajai, verify the DOT's counsel's employment status, and address Ajai's alleged constitutional violations. Id. at 5-6.

## Law and Discussion

**1.   Personal Jurisdiction over the DOT**

Proper service of process is required to effect personal jurisdiction over a defendant. Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993). If a defendant was not properly served, a court lacks jurisdiction over that

3

defendant regardless of whether the defendant had actual notice of the lawsuit. Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 886 (8th Cir. 1996).

Federal Rule of Civil Procedure 4(j)(2)(A) and (B) governs service on a state agency:

> State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) [personally] delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of [the summons and complaint] in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2)(A) & (B). Delivery of the summons and complaint by mail is not sufficient under Rule 4(j)(2)(A). See Yates v. Baldwin, 633 F.3d 669, 672 (8th Cir. 2011) ("Sending a copy of the complaint and summons to [the chief executive officer] by certified mail . . . is not the equivalent of 'delivering' those documents as required by Rule 4(j)(2)(A).").

As noted, Rule 4(j)(2)(B) permits service on a state agency in accordance with state law. For service on a state agency, North Dakota law requires "delivering a copy of the summons [and complaint] to the managing head of the agency or to the attorney general or an assistant attorney general." Under North Dakota law, a party must "strictly comply with the specific requirements for service of process," and "delivering" a copy of a summons and complaint under Rule 4(d)(F) "does not include mailing, even by certified mail with return receipt and restricted delivery." Sanderson v. Walsh Cnty., 712

4

N.W.2d 842, 847-48 (N.D. 2006) (emphasis added); see also State ex. rel Olson v. Harrison, 627 N.W.2d 153, 156 (2001).

Ajai's certificate of service shows she mailed the complaint, via certified mail with return receipt requested, to the DOT's Bismarck, North Dakota, address.[1] (Doc. 6; Doc 6-1). Since that is not a permissible means of serving a state agency, service was not proper, and the DOT's motion to dismiss for lack of personal jurisdiction will be granted.

**2.   Motions to Quash and to Respond**

Ajai cited no case law in support of her request to "quash service of the motion to dismiss" or her later "motion to respond." As to her argument that the DOT's motion to dismiss is undermined by use of an electronic signature, that argument is without merit. Counsel's use of an electronic signature on motion papers is common and fully permissible. And nothing supports the proposition that the DOT waived any argument concerning personal jurisdiction because the North Dakota Attorney General's Office has not identified an address at which the DOT could be properly served. Finally, nothing supports Ajai's assertion that she was not served with the motion to dismiss. The DOT's certificate of service demonstrates otherwise. Ajai's motions "to quash" and "to respond" will therefore be denied.

**3.   Subject Matter Jurisdiction—Eleventh Amendment Immunity**

As an alternative basis for dismissal, the DOT asserts this court lacks subject matter jurisdiction because the DOT is entitled to Eleventh Amendment immunity.

---

[1] Ajai's certificate of service does not indicate whether she mailed both the summons and the complaint.

Under the Eleventh Amendment, states and state agencies are immune from suits in federal courts, absent a waiver of that immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). "This jurisdictional bar applies regardless of the nature of the relief sought." Id. The State of North Dakota has not waived its Eleventh Amendment immunity. See N.D. Cent. Code § 32-12.2-10. Because of that immunity, this court lacks subject matter jurisdiction over Ajai's claims against the DOT. See Fromm v. Comm'n of Veterans Affs., 220 F.3d 887, 890 (8th Cir. 2000). Even if Ajai had properly served the DOT, this court would be required to dismiss the complaint as to the DOT for lack of subject matter jurisdiction because the DOT is entitled to qualified immunity.

### 4. Subject Matter Jurisdiction—Sovereign Immunity

Federal courts, unlike most state courts, have limited jurisdiction, and the party asserting federal court jurisdiction bears the burden of establishing the court's subject matter jurisdiction. Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009). Under Federal Rule of Civil Procedure 12(h)(3), this court must dismiss any claims over which it lacks subject matter jurisdiction. "Indeed, a federal court has the responsibility to consider the question of subject-matter jurisdiction *sua sponte* even if not raised by the parties and must dismiss any action where the court lacks jurisdiction." Flute v. United States, No. 4:18-CV-0411-RAL, 2019 WL 3325353, at *3 (D.S.D. July 24, 2019) (citing Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011)).

In her complaint, Ajai states she raises her constitutional claims against the USPS pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,

6

403 U.S. 388 (1971). (See Doc. 1, p. 8). "Bivens allows for a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations." Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 812 (8th Cir. 2008) (emphasis added). Suits against federal agencies, as well as against government officials acting in their official capacities, are really suits against the federal government itself. See Loeffler v. Frank, 486 U.S. 549, 554 (1988); Kentucky v. Graham, 473 U.S. 159, 166 (1985). Absent a waiver, the United States is entitled to sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Simply put, Ajai "cannot bring a Bivens claim against USPS as a government agency." See Shelton v. U.S. Post Office, No. 3:08-cCV-399, 2008 WL 4628466, at *3 (E.D. Va. Oct. 17, 2008). Because the USPS has sovereign immunity, the court lacks subject matter jurisdiction over Ajai's claims against that government agency, and the court must sua sponte dismiss Ajai's claims against the USPS under Rule 12(h)(3).

5. **Motion for an Extension of Time**

Ajai moves for an extension of time to file an amended complaint to include claims against Midcontinent Communications. Those claims are wholly unrelated to the claims raised in her complaint against the DOT and the USPS. (Compare Doc. 1 with Doc. 12-2, p. 8). Aside from that, this court is required to dismiss Ajai's complaint because the court lacks personal jurisdiction over Ajai's claims against the DOT and lacks subject matter jurisdiction over her claims against both the DOT and the USPS. Ajai's motion for an extension of time will be denied.

## Conclusion

For the reasons discussed above, it is **ORDERED** that the DOT's motion to dismiss, (Doc. 8), is **GRANTED**, Ajai's motions to quash and to respond, (Doc. 13; Doc.

15), are **DENIED**, Ajai's motion for an extension of time, (Doc. 12), is **DENIED**, and Ajai's complaint, (Doc. 1), is **DISMISSED** in its entirety.

      **JUDGMENT SHALL BE ENTERED ACCORDINGLY**.

Dated this 19th day of September, 2024.

                                            */s/ Alice R. Senechal*
                                            Alice R. Senechal
                                            United States Magistrate Judge